UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| CHRIS KUHAGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, CHRIS KUHAGEN ("Plaintiff"), through Plaintiff's attorneys, KROHN & MOSS, LTD., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Wisconsin, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in South Milwaukee, Milwaukee County, Wisconsin.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a national company with its headquarters in Norfolk, Virginia.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant has been placing constant and continued collection alls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant began placing collection calls in late December 2008.

14. Defendant places daily calls to Plaintiff seeking and demanding payment for an alleged debt.

15. Defendant places calls from the following telephone number: (877) 803-0008.

16. Additionally, Defendant places telephone calls to Plaintiff's mother. *See* correspondence from Plaintiff's mother regarding calls from Defendant, attached hereto as Exhibit A.

17. Defendant left messages on Plaintiff's mother's answering machine disclosing information regarding the alleged debt. *See* Exhibit A.

18. Plaintiff's mother heard the message left by Defendant on her answering machine. *See* Exhibit A.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL 2

19. Plaintiff informed Defendant that he does not live at his mother's residence, nor has he in twenty-five (25) years.

20. Plaintiff further requested Defendant cease and desist attempts to contact him at his mothers, and provided Defendant with his current address and phone number.

21. Despite Plaintiff's requests, Defendant continues to place calls to Plaintiff's mother.

22. Defendant failed to mail a written letter describing Plaintiff's rights with respect to the alleged debt within five (5) days of Defendant's initial communication with Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(b)* of the FDCPA by communicating with persons other than Plaintiff information regarding the alleged debt because Defendant left messages in connection with the debt on Plaintiff's mother's answering machine which Plaintiff's mother heard.

   b. Defendant violated *§1692d(5)* of the FDCPA by causing the telephone to ring repeatedly or continuously with the intent to annoy, abuse and/or harass Plaintiff because Defendant places telephone calls to Plaintiff daily.

   c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Defendant places daily calls to Plaintiff and places calls to Plaintiff's mother in an attempt to obtain payment from Plaintiff.

   d. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that

unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress. *See* Exhibit B.

WHEREFORE, Plaintiff, CHRIS KUHAGEN, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for the following:

25. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

26. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

27. Actual damages (for example, $34.00 in fees for insufficient funds) ,

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

29. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By _____
Gregory Moss
Attorneys for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street, 10th Floor
Chicago, IL 60602

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRIS KUHAGEN, demands a jury trial in this case.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF WISCONSIN )

Plaintiff, CHRIS KUHAGEN, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHRIS KUHAGEN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

2-26-09
Date

*Chris A. Kuhagen*
CHRIS KUHAGEN

# **EXHIBIT A**

Plaintiff is in possession of voicemails received from Defendant and will produce upon request.

# EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

|     |                                                                 |       |      |
| --- | --------------------------------------------------------------- | ----- | ---- |
|     |                                                                 | (YES) | NO   |
| 1.  | Sleeplessness                                                   | YES   | (NO) |
| 2.  | Fear of answering the telephone                                 | (YES) | NO   |
| 3.  | Nervousness                                                     | YES   | (NO) |
| 4.  | Fear of answering the door                                      | YES   | (NO) |
| 5.  | Embarrassment when speaking with family or friends              | (YES) | NO   |
| 6.  | Depressions (sad, anxious, or "empty" moods)                    | YES   | (NO) |
| 7.  | Chest pains                                                     | (YES) | NO   |
| 8.  | Feelings of hopelessness, pessimism                             | (YES) | NO   |
| 9.  | Feelings of guilt, worthlessness, helplessness                  | (YES) | NO   |
| 10. | Appetite and/or weight loss or overeating and weight gain       | YES   | (NO) |
| 11. | Thoughts of death, suicide or suicide attempts                  | (YES) | NO   |
| 12. | Restlessness or irritability                                    | (YES) | NO   |
| 13. | Headache, nausea, chronic pain or fatigue                       | (YES) | NO   |
| 14. | Negative impact on my job                                       | (YES) | NO   |
| 15. | Negative impact on my relationships                             |       |      |

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: The stress is takeing its toll on me to the point of where its haveing a negative affect on my relationship with my wife and the rest of my family.

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2-26-09

Chris A. Kuhagen
Signed Name

Chris A. Kuhagen
Printed Name